TODD A. RIGBY, SB #013383
Todd.Rigby@lewisbrisbois.com
SHAWN M. PETRI, SB #022642
Shawn.Petri@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
Firm email: azdocketing@lewisbrisbois.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Brian A. Richman, an unmarried man, | Case No. |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL** |
| Stellar Six, LLC, a Texas corporation; Carlos M. Torres and Jane Doe Torres, husband and wife; John and Jane Does I-V; Black and White Corporations. I-V; and Grey Partnerships I-V, | |
| Defendants. | |

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, Defendants Stellar Six, LLC, and Carlos Torres remove this action from the Superior Court of Arizona, Maricopa County, Case No. CV2020-017410, to the United States District Court for the District of Arizona – Phoenix Division.  In support of removal, Defendants state as follows:

**I.    STATUS OF STATE COURT ACTION**

1.    On December 30, 2020, Plaintiff filed his Complaint against Defendants in the Superior Court of Arizona, Maricopa County.

2.    Defendant Stellar Six, LLC was served on January 21, 2021.  Carlos Torres was served on January 22, 2021.  Defendants have not filed a responsive pleading in the state court action.  A copy of the state court docket and all state court filings are included in Exhibit A, attached hereto, pursuant to LRCv 3.6(b).

4826-0664-5211.1

3. Defendants filed a Notice of Filing Notice of Removal in the state court action. A true and correct copy of the Notice is attached hereto as Exhibit B.

4. As stated in more detail below, this case is properly removed pursuant to 28 U.S.C. § 1441 because Defendants satisfied the procedural requirements for removal and because this Court possesses diversity jurisdiction over this action, which involves citizens of different States and an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

## II. DEFENDANTS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

5. Plaintiff filed his Complaint on December 30, 2020. Plaintiff served Stellar Six, LLC, on January 21, 2021. Plaintiff served Carlos Torres on January 22, 2021. This Notice of Removal is timely under 28 U.S.C. § 1446(b).

6. Venue in this Court is proper under 28 U.S.C. § 1441(a) because the Superior Court of Arizona, Maricopa County, is located within the Phoenix Division of the District of Arizona. Thus, this Court "embrac[es] the place where such action is pending." 28 U.S.C. § 1441(a).

7. No prior notice of removal has been filed.

8. In accord with 28 U.S.C. § 1446(d) and Local Rule of Civil Procedure 3.6(a), Defendants served the other parties with a copy of the Notice of Removal and filed a copy of the Notice of Removal in the Superior Court of Arizona, Maricopa County.

## III. DIVERSITY JURISDICTION

9. Under 28 U.S.C. § 1332(a), this Court has original jurisdiction over a civil action between citizens of different states in which the matter in controversy exceeds $75,000, exclusive of interest and costs.

10. Stellar Six, LLC, is a Texas company with its primary place of business in El Paso, Texas. Stellar Six, LLC, is a citizen of Texas for diversity purposes under 28 U.S.C. § 1332(c)(1).

11. Carlos Torres is a resident of El Paso, Texas. Mr. Torres is a citizen of Texas for diversity purposes under 28 U.S.C. § 1332(c)(1).

12. Plaintiff Brian Richman is a citizen of Nebraska (Compl., ¶ I). Therefore, Plaintiff is a citizen of Nebraska for diversity purposes under 28 U.S.C. § 1332(c)(1).

13. Typically, the amount in controversy is determined by the allegations in the Complaint. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 400 (9th Cir. 1996). However, because the Complaint in this action does not specify the amount of damages Plaintiff seeks, Defendants must show by a preponderance of the evidence that the amount in controversy exceeds $75,000 - exclusive of interest and costs. *Id.*; *Necessary v. State Farm Auto. Ins. Co.*, 359 Fed. Appx. 807, 810 (9th Cir. 2009).

14. "Under this burden, the Defendants must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [75,000]." *Welsh v. New Hampshire Ins. Co.*, 843 F. Supp. 2d 1006, 1009 (D. Ariz. 2012). "The party seeking removal does not need to establish what damages the Plaintiffs will recover, but only how much is in controversy between the parties." *Blomberg v. Serv. Corp. Intern.*, 639 F.3d 761, 763 (7th Cir. 2011); *Kovacs v. Chesley*, 406 F.3d 393, 396 (6th Cir. 2005) ("The test for whether the jurisdictional amount has been met considers whether the Plaintiff can succeed on the merits in only a very superficial way."); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of . . . liability").

15. "[T]he inquiry into the amount in controversy is not confined to the face of the Complaint." *Welsh*, *supra*.

16. Pursuant to Arizona Rules of Civil Procedure, Rule 26.2(b), Plaintiff designated this matter as a Tier 3 case (Compl., ¶ XV). Pursuant to Rule 26.2(c)(3), a Tier 3 case is a matter with an alleged case value above $300,000.

17. Plaintiff's claims for compensatory damages comprise an "amount in controversy" in excess of $75,000, exclusive of interest and costs.

18. Therefore, under Section 1332 of Title 28, United States Code, this Court has subject matter jurisdiction over this civil action.

DATED this 16th day of February, 2021.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: s/ *Shawn M. Petri*
Todd A. Rigby
Shawn M. Petri
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of February, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing and deposited the same in the U.S. Mail to the following CM/ECF registrant:

Frank Verderame
**Plattner Verderame, PC**
316 E. Flower St.
Phoenix, AZ 85012
Fverderame@pvazlaw.com
*Attorneys for Plaintiff*


 s/ *Laura M. Nagelkirk*
49405-08

4826-0664-5211.1                     5